IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHE'ANNA THATCHER,

    Plaintiff,

      v.

PUBLIX SUPER MARKETS, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:23-CV-1528-TWT

### OPINION AND ORDER

This is a personal injury action. It is before the Court on the Defendant Publix Super Markets, Inc.'s Motion for Summary Judgment [Doc. 25]. For the reasons set forth below, the Defendant's Motion [Doc. 25] is DENIED.

### I. Background[1]

This case arises from injuries that the Plaintiff She'Anna Thatcher sustained on May 11, 2022, when she allegedly slipped and fell on a wet floor in a grocery store owned and operated by the Defendant Publix Super Markets, Inc. (Def.'s Statement of Undisputed Material Facts ¶¶ 1–2, 4). A video from the scene recorded a Publix employee entering the women's restroom at approximately 21:21:37 presumably to mop the floor and then exiting with a

---

[1] The operative facts on the Motion for Summary Judgment are taken from the Defendant's Statement of Undisputed Material Facts. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

mop at 21:33:55 after presumably finishing the task. (Br. in Supp. of Def.'s Mot. for Summ. J., Ex. C ("Publix Video 1, View 16") [Doc. 35]). The employee does not appear to have placed a caution "wet floor" sign upon exiting the restroom and walking away from it. (*See* Publix Video 1, View 16, at 21:33:55–21:34:10). The Plaintiff entered the restroom at 21:44:27, approximately ten minutes and thirty-two seconds after the Publix employee finished mopping and exited the restroom. (Publix Video 1, View 16). Approximately three minutes later, the Plaintiff's family friend opens the door to the restroom, apparently to check on the Plaintiff after receiving a call from her that she had slipped and fallen in the restroom and could not get up. (Publix Video 1, View 16, at 21:47:33; Thatcher Dep. at 62:22–63:01). The Plaintiff seeks to recover damages for the injuries she sustained from her fall, and the Defendant moves for summary judgment as to the Plaintiff's claims for negligence and premises liability.

## II.   Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue

of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### III.  Discussion

The Defendant moves for summary judgment as to the Plaintiff's claims for negligence and premises liability, arguing that the Plaintiff cannot show that a hazard existed or that it had superior knowledge of any such hazard. (Br. in Supp. of Def.'s Mot. for Summ. J., at 2). In response, the Plaintiff opposes summary judgment, contending that the Defendant created (and therefore had superior knowledge of) the hazard and is liable for the Plaintiff's injuries. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. for Summ. J., at 2).

Under Georgia law, a premises owner is liable for injuries to invitees caused by the owner's failure to exercise ordinary care in keeping the premises safe. O.C.G.A. § 51-3-1. The owner's duty to exercise ordinary care "requires the owner to protect the invitee from unreasonable risks of harm of which the owner has superior knowledge and to inspect the premises to discover possible dangerous conditions of which the owner does not have actual knowledge." *Kauffman v. E. Food & Gas, Inc.*, 246 Ga. App. 103, 104 (2000). To prove negligence in a slip-and-fall case, "the plaintiff must show (1) the defendant had actual or constructive knowledge of the foreign substance and (2) the

plaintiff lacked knowledge of the substance or for some reason attributable to the defendant was prevented from discovering it." *Shepard v. Winn Dixie Stores, Inc.*, 241 Ga. App. 746, 747 (1999) (citing *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (1997)). But a plaintiff "need only produce evidence of the second prong after the defendant has produced evidence showing that the plaintiff herself contributed negligence to the accident." *Tolbert v. Publix Super Mkts., Inc.*, 2023 WL 2493271, at *1 (11th Cir. Mar. 14, 2023).

The Court concludes that summary judgment is clearly unmerited as to the Plaintiff's claims. The Defendant argues that the Plaintiff cannot establish that a hazard existed and therefore claims it is entitled to summary judgment on the Plaintiff's claims. (Br. in Supp. of Def.'s Mot. for Summ. J., at 7). In support of its position, the Defendant points to the fact that the Plaintiff is not sure what caused her to slip, or what the floor was wet with, or how long the alleged hazard had been on the floor, among other irrelevant factual findings. (*Id.* at 7). None of these facts point to the absence of the *existence* of a hazard; instead, they primarily relate to the composition of the alleged substance that caused the Plaintiff's injury.

The Defendant also contends that the Plaintiff cannot show that it had superior knowledge, either actual or constructive, of any hazard. (Br. in Supp. of Def.'s Mot. for Summ. J., at 7). It claims, without citing any supporting legal authority, that its employee's mopping ten minutes prior to the Plaintiff's fall

4

"occurred at a time too remote to this incident . . . to give rise to a genuine issue of fact sufficient to preclude summary judgment because Plaintiff cannot show that the hazard she claims to have slipped upon was caused by any mopping." (*Id.* at 10 (quotation marks omitted)). The circumstantial evidence suggests to the contrary. (*See* Publix Video 1, View 16, at 21:33:55 (showing the employee exiting the bathroom with a mop bucket)). The Plaintiff testified that as she was trying to get up, she put her hand on the floor, and it was wet. (Thatcher Dep. at 62-68). Indeed, the Plaintiff quite possibly (if not likely) slipped and fell because the wet restroom floor had been recently mopped by the Defendant's employee. And without a caution sign warning her of the slippery floor, the Defendant apparently maintained superior knowledge of the hazard. Thus, the Court cannot conclude that the Defendant is entitled to summary judgment on the ground that it lacked superior knowledge of the alleged hazard that caused the Plaintiff's injury.

The Defendant here astonishingly claims that the "Plaintiff does not and cannot offer any real evidence that the floor would still be wet after 10 minutes." (Reply Br. in Supp. of Def.'s Mot. for Summ. J., at 4). But the Court need not rely on the Plaintiff's prior retail work experience to conclude that a genuine issue of material fact exists as to whether the recently mopped floor could have been sufficiently slippery after ten minutes to cause the Plaintiff's fall and, thus, whether the Defendant was negligent when its

5

employee left the mopped floor without placing a caution sign to notify store customers of the potential hazard. Accordingly, the Defendant's Motion for Summary Judgment should be denied.

### IV.  Conclusion

For the foregoing reasons, the Defendant's Motion for Summary Judgment [Doc. 25] is DENIED.

SO ORDERED, this     7th     day of October, 2024.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge